Vast Voorhis, J.
(concurring). I concur for reversal, but since a person who has been civilly committed as mentally ill would not be entitled to a jury trial in a habeas corpus proceeding under section 426 of the Mental Hygiene Law, in seeking to be discharged from a mental institution upon the ground that sanity had been regained after commitment, I consider that equal protection of the law as required by the Fourteenth Amendment calls for similar procedure in the case of one who has been acquitted of a criminal charge on the ground of insanity and, therefore, has been confined to Matteawan or Dannemora. Appellant was not transferred to Matteawan as a result of becoming insane after the conviction of a crime; he was acquitted *36 of the criminal charge on the ground that he was insane at the time when the act was committed. He was tried by a jury who, in effect, found him to have been insane (People ex rel. Peabody v. Chanler, 133 App. Div. 159, affd. 196 N. Y. 525). That determination by the jury in the criminal trial was the counterpart' of the trial by jury authorized by section 74 of the Mental Hygiene Law in the case of a civil patient who desires to contest the charge of mental illness as of the time of his commitment to a mental institution. This is not to be confused with discharge on account of resumption of sanity after a sojourn in a mental institution to which the patient was rightfully committed in the beginning. In that situation he applies to be discharged on a writ of habeas corpus as provided by section 426 of the Mental Hygiene Law (formerly § 204) under which he is not entitled to a jury trial. The only point at which I differ with the opinion by the Chief Judge is that in reading a provision for a jury trial into section 454 of the Code of Criminal Procedure, in the case of one who has been sent to an institution for the criminally insane on account of having been acquitted on the ground of insanity, an inequality is created by allowing a jury trial on an application to be discharged from Matteawan or Dannemora whereas the patient would not be entitled to a jury trial on an application to be discharged from an ordinary State hospital on a petition for habeas corpus. Baxstrom * had become insane after being convicted on a criminal charge, and had served his term. His sentence had expired. Holding him after that was equivalent to a new incarceration on the basis of mental illness in place of his former commitment (not for mental illness) but through a sentence for crime. After the sentence had expired, he could not be recommitted for insanity without being given an equivalent of the jury trial to which the civil patient is entitled on original commitment by section 74 of the Mental Hygiene Law. That is not analogous to the present situation since appellant has never been confined as the result of a sentence imposed on a criminal conviction but because he was found by the jury that tried him to have been insane from the start. The analogous section of the Mental Hygiene Law in the case of an ordinary mental patient is not section 74 but 426, and if the right to a jury trial is to be read into section 454 of the Code *37 of Criminal Procedure it would need also to be read into section 426 of the Mental Hygiene Law providing for discharge from ordinary mental institutions on habeas corpus.
Opinion by Chief Judge Desmond. All concur, Judge Van Voorhis concurring for reversal in a separate opinion in which Judge Scileppi also concurs.
Order reversed and matter remitted to the Supreme Court, Queens County, for further proceedings in accordance with the opinion herein. Question certified, being unnecessary, is not answered.

 Baxstrom v. Herold (383 U. S. 107).